UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ATAIN SPECIALTY INSURANCE COMPANY,<br><br>Plaintiff(s),<br><br>-vs-<br><br>JIMMY'S TRUCKING, INC., JIMMY'S TRANSPORT EXPRESS, and IRONSHORE SPECIALTY INSURANCE COMPANY as subrogee of SUPREME RESOURCES, INC.<br><br>Defendant(s). | Civil Action No. 2:17-cv-05610-ES-SCM<br><br>**AMENDED COMPLAINT AND JURY DEMAND** |

Plaintiff, Atain Specialty Insurance Company (hereinafter "Atain"), by way of Complaint against the defendants, says:

**PARTIES**

1. At all times hereinafter mentioned, Atain is now and was at the commencement of this action incorporated in the State of Michigan with its principal place of business located at 220 Kaufman Financial Center, 30833 Northwestern Highway, City of Farmington Hills, State of Michigan, and is a citizen of the State of Michigan.

2. At all times hereinafter mentioned, defendant, Jimmy's Trucking, Inc., is a New Jersey Corporation with its principal place of business located at 140 South Ave., Town of South Plainfield, State of New Jersey, and is a citizen of New Jersey.

{01342059}

3.  At all times hereinafter mentioned, defendant, Jimmy's Transport Express, is a New Jersey Corporation with its principal place of business located at 140 South Ave., Town of South Plainfield, State of New Jersey, and is a citizen of New Jersey.

4.  At all times hereinafter mentioned, defendant, Ironshore Specialty Insurance Company as subrogee of Supreme Resources, Inc. is an Arizona Corporation with its principal place of business located at 25 Liberty Street, New York, New York, 10005, and is a citizen of the States of Arizona and New York.

5.  The United States District Court has original jurisdiction over the subject matter of said civil action under 28 U.S.C. § 1332(a) in that this is an action where the amount in controversy exceeds the sum of $75,000 exclusive of interests and costs and there is complete diversity of citizenship between the plaintiff and the defendants.

6.  This is an action brought pursuant to the Declaratory Judgment Act 28 U.S.C. § 2201 et seq., and there is an actual case and controversy between the parties requiring adjudication by the Court.

7.  Venue is proper within this jurisdiction pursuant to 28 U.S.C. §1391(a) because, upon information and belief, one on more of each of the defendants reside or is incorporated and has its principal place of business in this judicial district.

## THE UNDERLYING DAMAGE CLAIM

### A.   The Underlying Claim

8.   On or about January 4, 2017, the Supreme Resources, Inc. (hereinafter "SRI") presented a claim for damages against the defendants Jimmy's Trucking, Inc., and Jimmy's Transport Express (hereinafter collectively ("Jimmy's Trucking"), in connection with an allegedly mislabeled shipment of a chemical component and issued a Claim Letter dated January 4, 2017.

9.   Upon information and belief, SRI was retained by non-party, Proctor & Gamble, Inc. (hereinafter P&G), to provide certain chemical ingredients to P&G to be included in its fabric care product.

10.   Upon information and belief SRI stores the chemicals it acquires at a warehouse operated by Defendant Jimmy's Trucking,

11.   In or about the month of July 2016, SRI issued a delivery order to Jimmy's Trucking, to deliver a drum of the chemical, Cedryl Methyl Ether, to P&G at its Avenel, NJ facility.

12.   SRI alleges in the Claim Letter that Jimmy's Trucking delivered a drum containing a different chemical, Laevo Trisandol.

13.   SRI further alleges that P&G mixed the contents of the drum delivered by Jimmy's Trucking, with its product in belief that it contained Cedryl Methyl Ether. As the drum contained Laevo Trisandol, the incorporation of that chemical into the P&G

3

{01342059}

product resulted in the alleged total loss of the batch of fabric care product being produced.

14. The error was discovered on or about July 18, 2016.

15. SRI alleges that Jimmy's Trucking mislabeled the chemical compound and that its negligence in doing so caused the loss of the P&G product, for which SRI was held accountable.

16. SRI sought recovery of approximately $230,000 in damages it claims to have incurred in connection with the allegedly mislabeled drum.

17. Defendant Ironshore Specialty Insurance Company as insurer of SRI, allegedly settled all claims for the sum of $205,442.56

## THE INSURANCE POLICIES

18. Atain issued to Jimmy's Trucking, as named insured two Commercial General Liability policies of insurance, the first bearing Policy No. CIP229380 for the policy period of November 28, 2015 through November 28, 2016. That policy was renewed under policy number CIP188529, with essentially the same terms for the period of November 28, 2016 through November 28, 2017.

19. The policies were issued in reliance upon a policy application signed and dated September 29, 2015. The following question and answer appear in that application:

4

{01342059}

    3.    Any exposure to **flammable, explosive, chemicals**?

    Answer:  **No.**
[Emphasis Added]

## RESPONSE OF ATAIN

20. In response to the January 4, 2017 Notice of Claim, Atain conducted a preliminary investigation of the claim which revealed facts that regarding whether flammable and explosive chemicals were being stored and shipped by the defendant Jimmy's Trucking.

21. On January 31, 2017 Atain negotiated a Reservation of Rights Letter with the Insured, Jimmy's Trucking, and its counsel and undertook an insurance coverage investigation.

22. As part of the Atain investigation, Atain retained an expert to conduct an inspection of the Jimmy's Trucking warehouse facility records on June 7, 2017.

23. That inspection disclosed that in September 2015 approximately 30%-40% of shipments in and out of the Jimmy's Trucking, facility included chemicals which were deemed hazardous, explosive, flammable or all three. Many were highly flammable products.

24. The information discovered by Atain through its' expert's inspection were in complete contradiction to the representations by Jimmy's Trucking on the insurance

application of September 29, 2015 that there was no exposure to "flammables, explosives, chemicals."

25. The results of the Atain inspection were reviewed by Atain's underwriters, who determined that the Jimmy's Trucking policies were procured through material misrepresentation of the hazards undertaken by Jimmy's Trucking.

26. Atain issued a Notice of Rescission and Denial and Disclaimer of Coverage and Rescission of Insurance Policies dated July 20, 2017 declaring there was no insurance coverage for the Claim Letter and that Atain considered the policies void *ab initio* and were rescinded based upon material misrepresentations in the application for insurance coverage.

## **FIRST CAUSE OF ACTION**

### **(Material Misrepresentation and Rescission)**

27. The Plaintiff repeats and realleges each of the allegations set forth in the prior paragraphs as if set forth at length herein.

28. In applying for the policies, Jimmy's Trucking represented that there was "No" exposure to "flammable, explosive, chemicals."

29. In reality, at the time the application was completed, and consistently thereafter, approximately 30% to 40% of Jimmy's Trucking's business involved the storage and/or transportation of "flammable, explosive, chemicals"

30. Jimmy's Trucking knowingly denied any exposure to "flammables, explosives, or chemicals," in disclosing material risks in in the policy application.

31. Jimmy's Trucking's representation that it had no exposure to "flammable, explosive, chemicals" constituted a knowing misrepresentation in the application for the insurance policy and legal fraud.

32. Plaintiff, Atain relied upon the application as submitted by Jimmy's Trucking in issuing insurance policies to Jimmy's Trucking.

33. Jimmy's Trucking's misrepresentation was material to the risk insured against in that had Plaintiff Atain known the truth regarding real risk exposure, Atain would not have underwritten the insurance coverage in the form provided.

34. As a result of the material misrepresentations made by Jimmy's Trucking, Atain has been injured.

**WHEREFORE**, Atain seeks a judgment ordering, declaring and adjudicating that:

a. Atain is not obligated to defend or indemnify Jimmy's Trucking, or to pay any judgment, settlement, verdict or other award in connection with the Claim Letter; and

b. Both Atain Policies numbers CIP229380 and CIP188529, issued to Jimmy's Trucking in reliance upon the application are void *ab initio* and rescinded, with the policy premiums to be refunded to Jimmy's Trucking within 30 days of the Order voiding and rescinding the policy.

    c.    Atain be awarded Compensatory damages;

    d.    Atain be awarded attorney's fees and costs of suit

    e.    Atain be granted such other, different and further relief as the Court may deem just and proper.

## SECOND CAUSE OF ACTION

### (New Jersey Insurance Fraud Prevention Act, N.J.S.A. §17:33A-1 et. seq.)

35.    The Plaintiff repeats and realleges each of the allegations set forth in the prior paragraphs as if set forth at length herein.

36.    Jimmy's Trucking made material misrepresentations in the application for insurance with the intention that Plaintiff Atain Specialty Insurance Company rely on the material misrepresentation in issuing an insurance policy.

37.    Plaintiff did rely to its detriment upon the material misrepresentations of Jimmy's Trucking in that Atain issued Policies numbers CIP229380 and CIP188529 to Jimmy's Trucking.

38.    Policies numbers CIP229380 and CIP188529 were obtained fraudulently, and are void *ab initio*.

39.    Plaintiff has expended significant funds and substantial time to issue the policy, investigate and discover the material misrepresentations and rescind the policy as well as prosecuting this Complaint for Declaratory Judgment all of which expenses arose out of Jimmy's Trucking's material misrepresentations.

40. Jimmy's Trucking's material misrepresentations on the application for insurance coverage amount to a violation of the New Jersey Insurance Fraud Prevention Act, N.J.S.A. §17:33A-1 *et. seq.*

**WHEREFORE**, Atain seeks a judgment ordering, declaring and adjudicating that:

a. Atain is not obligated to defend or indemnify Jimmy's Trucking in connection with the Damages Claim, or to pay any judgment, settlement, verdict or other award in the Damages Claim; and

b. The Atain policies numbers CIP229380 and CIP188529 issued to Jimmy's Trucking in reliance upon the application are void *ab initio*, with the policy premium to be refunded to NMG within 30 days of the Order voiding the policy.

c. Atain be awarded Compensatory damages;

d. Atain be awarded Punitive damages;

e. Atain be awarded statutory treble damages;

f. Atain be awarded attorney's fees and costs of suit

g. Atain be granted such other, different and further relief as the Court may deem just and proper.

### THIRD CAUSE OF ACTION

### (Interested Party)

41. The Plaintiff repeats and realleges each of the allegations set forth in the prior paragraphs as if set forth at length herein.

42. The Defendant Ironshore Specialty Insurance Company as subrogee of Supreme Resources, Inc., is joined herein as a Defendant in order that it be bound by the Judgment of this Court as it has an interest in the presence or absence of insurance coverage for the Defendant Jimmy's Trucking in connection with the Damages Claim.

**WHEREFORE**, Atain seeks a judgment ordering, declaring and adjudicating that:

a. Atain is not obligated to defend or indemnify Jimmy's Trucking in connection with the Damages Claim, or to pay any judgment, settlement, verdict or other award in the Damages Claim; and

b. Such other, different and further relief as the Court may deem just and proper.

### JURY DEMAND

The Plaintiff herein demands a trial by jury.

Dated: August 23, 2017                    **MORGAN MELHUISH ABRUTYN**

                                          BY:     /s/ Joseph DeDonato
                                                  JOSEPH DeDONATO, ESQ. (JDD 7319)
                                                  651 Old Mt. Pleasant Avenue
                                                  Livingston, New Jersey 07039
                                                  (973) 994-2500
                                                  jdedonato@morganlawfirm.com
                                                  Attorneys for Plaintiff,
                                                  Atain Specialty Insurance Company
                                                  File No. ATN 36-665 JDD

{01342059}